UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STERLING SAVINGS BANK, ) | |
| ) | |
| Plaintiff, ) | 3:12-CV-00374-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| PORTFOLIO GROUP MANAGEMENT, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

Before the court is Plaintiff Sterling Savings Bank's Emergency Motion to Remand (#12[1]). Defendant Portfolio Group Management, Inc. ("PGM") filed an opposition (#26), and Plaintiff replied (#29).

**I.    Facts and Procedural History**

This action arises out of the defendants' alleged default on a promissory note secured by a deed of trust on real property being used as a mobile home park in Sparks, Nevada.  On June 26, 2012, Sterling Savings Bank, the holder of the note, filed the underlying complaint in Washoe County district court seeking specific performance and injunctive relief.  Specifically, Plaintiff seeks specific performance of the deed of trust's provisions for appointment of a receiver and

---

[1] Refers to the court's docket entry number.

assignment of rents upon default of the borrower. The complaint includes no prayer for monetary relief or conveyance of the subject property.

On July 10, 2012, PGM removed the action to this court on the basis of diversity jurisdiction. In its statement of removal, PGM asserted that the amount in controversy requirement is satisfied based on Plaintiff's allegation that it is owed $715,475.75.

Plaintiff now moves to remand the action for lack of subject matter jurisdiction on the basis that the amount in controversy requirement is not satisfied because only equitable relief is sought. The motion is made on an emergency basis because Plaintiff asserts that PGM's removal is merely a tactic to delay the appointment of a receiver and assignment of rents, thereby allowing it to continue collecting rents prior to foreclosure and defeat the purpose of this action. Plaintiff further requests an award of attorney's fees and costs related to the motion to remand.

## II.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Among other cases, the district courts of the United States have original jurisdiction of civil actions where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566. "The 'strong presumption' against removal jurisdiction

2

means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citation omitted).

In removed diversity cases where the plaintiff's complaint does not specify the amount of damages, or specifies damages in an amount below the jurisdictional minimum, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1145 (D. Nev. 2004). The district court "may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted).

### III. Discussion

"[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motoer Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 765 U.S. 333, 347 (1977). "[T]he amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented." *Jackson v. American Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

Regarding Plaintiff's claim for specific performance, the court rejects PGM's contention that the amount in controversy should be measured based on the value of the subject property, which allegedly exceeds $700,000. The authorities PGM sites involving specific performance of contracts to convey real property are inapposite. Here, Plaintiff seeks only specific performance of the deed of trust provisions for appointment of a receiver and assignment of rents, not conveyance of the subject property or a determination of title. Because adjudication of Plaintiff's claim for

3

specific performance would not ultimately determine the rights of the parties to the property, its value cannot serve as a basis for determining the amount in controversy. *Fannie Mae v. H & B II, LLC*, 2012 WL 122808, *3 (D. Ariz. Jan. 17, 2012).

The court also rejects PGM's contention that Plaintiff's complaint should be construed as stating a claim for judicial foreclosure. Regardless of whether the facts in the complaint would support such a claim, Plaintiff has made no such claim and the court would have no occasion to consider it. The court also declines to entertain PGM's speculation that such a claim will likely be brought, whether through amendment of the complaint or otherwise. Removal is permitted only based on the case actually stated in the complaint, not preemptively based on potential future amendments. *See* 28 U.S.C. § 1446(b)(3) (where "the case stated by the initial pleading is not removable," authorizing removal within 30 days of receipt of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable").

The court finally rejects PGM's contention that Plaintiff's request for specific enforcement of the provisions of the deed of trust for appointment of a receiver and assignment of rents should be valued according to the rents sought to be assigned and related costs and expenses. Notwithstanding the practical reality that such relief will divest PGM of control over the assigned rents, the appointment of a receiver does not determine the parties rights to the property. "A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights." *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 497 (1923). Consequently, where an action merely seeks appointment of a receiver to take control of property, neither the subject property nor the rents from it are properly considered as the object of the litigation for purposes of determining the amount in controversy. *Fannie Mae*, 2012 WL 122808, *3; *see also Rapoport v. Rapoport*, 416 F.2d 41, 43 (9th Cir. 1969) ("It is well settled

4

that the amount in controversy requirement cannot be met by taking into account any collateral effect which may follow adjudication, whether by way of estoppel of the parties or otherwise.").

For these reasons, the court concludes that PGM has failed to carry its burden of establishing the requisite amount in controversy and shall grant the motion to remand. The court does not find, however, that PGM "lacked an objectively reasonable basis for seeking removal," and shall therefore deny Plaintiff's request for attorneys' fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

IT IS THEREFORE ORDERED that Plaintiff's Emergency Motion to Remand (#12) is GRANTED. This action is hereby REMANDED to the Second Judicial District Court for Washoe County, Nevada. Plaintiff's request for attorneys' fees is DENIED.

IT IS SO ORDERED.

DATED this 9th day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5